UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERTO MORALES,

Plaintiff,

-against-

**COMPLAINT AND JURY DEMAND**

THE CITY OF NEW YORK and WARDEN JORGE OCASIO,

Defendants.
----------------------------------------------------------------X

Plaintiff, ROBERTO MORALES, by his attorney TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of the defendants, respectfully alleges, as follows:

## JURISDICTION

1. This action arises under the provision of the Eighth Amendment to the United States Constitution and under federal law, particularly the Civil Rights Act, 42 USC 1981, 1983 and 1985 (2) and (3).

2. This Court has jurisdiction of this cause under 28 USC, by virtue of section 1343. Declaratory and injunctive relief is authorized pursuant to 28 USC sections 2201 and 2202 and F.R.C.P. 37.

## AS AND FOR A FIRST CAUSE OF ACTION

3. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK, its agents, servants and/or employees owned, maintained, constructed, operated and controlled

the facility known as the George Motchan Detention Center on Rikers Island located at 15-15 Hazen Street, East Elmhurst, New York 11370.

5. That at all times hereinafter mentioned, defendant WARDEN JORGE OCASIO was employed by the Department of Correction of the defendant, THE CITY OF NEW YORK, and was assigned to the George Motchan Detention Center on Rikers Island.

6. That at all times hereinafter mentioned, defendant WARDEN JORGE OCASIO in his capacity as Warden administered, supervised, oversaw and controlled the facility known as the George Motchan Detention Center on Rikers Island located at 15-15 Hazen Street, East Elmhurst, New York 11370.

7. That at all times hereinafter mentioned, defendant WARDEN JORGE OCASIO acted within the scope of his employment as Warden of the George Motchan Detention Center on Rikers Island located at 15-15 Hazen Street, East Elmhurst, New York 11370.

8. That at all times hereinafter mentioned, defendant WARDEN JORGE OCASIO was acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City of New York and under the authority of his office as a Warden for said city.

9. On June 23, 2001, at approximately 12:00 p.m., plaintiff ROBERTO MORALES was a prisoner in the custody of defendant THE CITY OF NEW YORK through its agents, servants and/or employees, including, but not limited to, defendant WARDEN JORGE OCASIO.

10. On or about June 23, 2001, at approximately 12:00 p.m., plaintiff ROBERTO MORALES was caused to slip and fall on a ramp located in Dorm 16, Side B, of the George Motchan Detention Center (hereinafter the "ACCIDENT LOCATION") resulting in serious injuries to the plaintiff.

11. The aforementioned fall, and plaintiff ROBERTO MORALES'S resulting

injuries, were caused by the excessively slippery, defective, dangerous and trap-like conditions which existed at the ACCIDENT LOCATION at the time of the accident, specifically: the floor of the ACCIDENT LOCATION was constructed of an improper and slippery material; the floor of the ACCIDENT LOCATION was defectively maintained, constructed, and designed; an excessive amount of water, which was likely to and did cause plaintiff to fall, was allowed to accumulate on the floor of the ACCIDENT LOCATION; despite the substantial risk of serious harm no steps were taken to mitigate the danger presented by water which had accumulated at the ACCIDENT LOCATION; despite the likelihood that water would accumulate at the ACCIDENT LOCATION, no measures designed to prevent water from accumulating or to dissipate water which had accumulated were in place at the ACCIDENT LOCATION.

12. Prior to the aforementioned accident defendant THE CITY OF NEW YORK through its agents, servants and/or employees, including, but not limited to, defendant WARDEN JORGE OCASIO had been informed and was aware that: the floor of the ACCIDENT LOCATION was constructed of an improper and slippery material; the floor of the ACCIDENT LOCATION was defectively maintained, constructed, and designed; an excessive amount of water, which was likely to and did cause plaintiff to fall, was allowed to accumulate on the floor of the ACCIDENT LOCATION; despite the substantial risk of serious harm no steps were taken to mitigate the danger presented by water which had accumulated at the ACCIDENT LOCATION; despite the likelihood that water would accumulate at the ACCIDENT LOCATION, no measures designed to prevent water from accumulating or to dissipate water which had accumulated were in place at the ACCIDENT LOCATION.

13. Prior to the aforementioned accident defendant WARDEN JORGE OCASIO had been informed of, received reports concerning, and was aware that: the floor of the ACCIDENT

LOCATION was constructed of an improper and slippery material; the floor of the ACCIDENT LOCATION was defectively maintained, constructed, and designed; an excessive amount of water, which was likely to and did cause plaintiff to fall, was allowed to accumulate on the floor of the ACCIDENT LOCATION; despite the substantial risk of serious harm no steps were taken to mitigate the danger presented by water which had accumulated at the ACCIDENT LOCATION; despite the likelihood that water would accumulate at the ACCIDENT LOCATION, no measures designed to prevent water from accumulating or to dissipate water which had accumulated were in place at the ACCIDENT LOCATION.

14. Upon information and belief, it is the policy, practice and custom of the Department of Correction of defendant THE CITY OF NEW YORK to: to fail to take reasonable precautions to minimize the risk that accidents of the type which occurred at the ACCIDENT LOCATION would occur; fail to provide adequate safeguards to provide for the safety of inmates, including plaintiff ROBERTO MORALES, using the ACCIDENT LOCATION; to allow a harmful policy regarding hazardous conditions at the ACCIDENT LOCATION to exist.

15. That the aforesaid accident and the resulting injuries to plaintiff ROBERTO MORALES were caused and occasioned solely through and by reason of defendant THE CITY OF NEW YORK and defendant WARDEN JORGE OCASIO's deliberate indifference to, and knowing disregard of: conditions of confinement which imposed a substantial risk of serious injury to plaintiff; failure to take reasonable measures and precautions to protect plaintiff ROBERTO MORALES from conditions of confinement which imposed an unreasonable risk of serious injury; failure to correct conditions, of which they had knowledge, which imposed a substantial risk of serious injury to plaintiff; gross negligence in managing subordinates who caused or allowed the unlawful condition to exist.

16. As a result of the accident, the plaintiff ROBERTO MORALES suffered serious personal injuries causing him to become and remain sick, sore, lame, and disabled; confining him to his cell and bed; compelling him to obtain hospital and medical treatment for the injuries in an effort to alleviate and/or cure some of the injuries and disabilities; incapacitating him from his usual duties, and thereby depriving him of the emoluments deprived therefrom, preventing him from enjoying the normal fruits of his activities; and resulting in emotional distress, loss of liberty, substantial monetary expenses, loss and injuries, some of which are permanent in nature.

17. Immediately after the plaintiffs suffered the aforesaid serious and severe injuries, the defendant, THE CITY OF NEW YORK and their agents, servants and/or employees failed to provide plaintiff ROBERTO MORALES with necessary, immediate medical attention thereby causing him to suffer additional pain and suffering and aggravating his physical injuries.

18. The foregoing acts of the defendants, under color of law and under color of their authority as employees, agents and/or servants of the State of New York, violated plaintiff ROBERTO MORALE'S civil rights guaranteed to plaintiff as a citizen of the United States, by the VIII Amendment of the United States Constitution.

19. This action falls within one or more of the exceptions set forth in CPLR 1602.

20. By reason of the foregoing, plaintiff ROBERTO MORALES has suffered damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION FOR AN INJUNCTION**

21. Plaintiff ROBERTO MORALES repeats, reiterates and realleges each and every paragraph of this complaint and further allege:

22. It is the policy, custom and practice of defendant THE CITY OF NEW YORK: (a) to fail to take reasonable measures to prevent water from accumulating or to dissipate water

which had accumulated at the ACCIDENT LOCATION; (b) to fail to take reasonable precautions to minimize the risk that accidents of the type which occurred at the ACCIDENT LOCATION would occur; (c) to fail to provide adequate safeguards to provide for the safety of inmates using the ACCIDENT LOCATION; (d) to allow a harmful policy regarding hazardous conditions at the ACCIDENT LOCATION to exist.

23. The failure of defendant THE CITY OF NEW YORK to: take reasonable measures to prevent water from accumulating or to dissipate water which had accumulated at the ACCIDENT LOCATION; to take reasonable precautions to minimize the risk that accidents of the type which occurred at the ACCIDENT LOCATION would occur; to provide adequate safeguards to provide for the safety of inmates using the ACCIDENT LOCATION; was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of New York, including plaintiff ROBERTO MORALES.

24. All of these policies, customs and practices of defendant THE CITY OF NEW YORK were a proximate cause of the injuries sustained by plaintiff ROBERTO MORALES.

25. Wherefore, plaintiff ROBERTO MORALES asks that this Court declare the policies, practices and acts complained of as illegal and unconstitutional, and issue an injunction against defendant THE CITY OF NEW YORK to cease and desist from the above described activities.

**AS AND FOR A THIRD CAUSE OF ACTION FOR PUNITIVE DAMAGES**

26. Plaintiff ROBERTO MORALES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

27. The acts, conduct, and behavior of defendants THE CITY OF NEW YORK and

WARDEN JORGE OCASIO were performed knowingly, intentionally, and maliciously.

28. By reason of the foregoing, plaintiff ROBERTO MORALES is entitled to an award of punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR ATTORNEY'S FEES**

29. Plaintiff ROBERTO MORALES repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

30. By reason of the foregoing acts and/or omissions of defendants THE CITY OF NEW YORK and WARDEN JORGE OCASIO in violation of the VIII Amendment of the United States Constitution plaintiff ROBERTO MORALES has been forced to bring this lawsuit to enforce 42 U.S.C. Section 1983 and as a result thereof has suffered significant economic loss in the form of attorney's fees.

31. Pursuant to 42 U.S.C. Section 1988 plaintiff ROBERTO MORALES is entitled to reasonable attorney's fees as part of the costs.

32. By reason of the foregoing, plaintiff ROBERTO MORALES is entitled to attorneys fees in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE,** plaintiff ROBERTO MORALES demands judgment against defendants THE CITY OF NEW YORK and WARDEN JORGE OCASIO, jointly and severally, as follows: On the First Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS; On the Second Cause of Action for an injunction; On the Third Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS; On the Fourth Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS; together with interest, costs and disbursements of this action.

**JURY DEMAND**

Plaintiff demands a trial by jury in this action.

Dated: White Plains, New York
June 18, 2004

___________________________________

TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
By TRACIE A. SUNDACK (TAS-7778)
Attorney for Plaintiff
7 South Broadway, Suite 304
White Plains, New York 10601
(914) 946-8100